UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, DEPARTMENT OF COMMERCE, COMMUNITY AND ECONOMIC DEVELOPMENT, DIVISION OF INVESTMENTS,<br><br>　　　　　　　　Plaintiff,<br>　vs.<br><br>F/V LABRADOR,<br>Official Number 927,658<br>In Rem; EDWIN H. LAITY<br>In Personam,<br><br>　　　　　　　　Defendant. | 1:12-cv-00012-TMB-JDR<br><br>**RECOMMENDATION<br>REGARDING<br>MOTION FOR DEFAULT<br>JUDGMENT IN REM**<br><br>(Docket No. 24) |

The State of Alaska filed its *Motion for Default Judgment In Rem and Order of Sale* (Docket 24) on January 1, 2013. Both the default judgment and the order of sale were taken under advisement on February 4, 2013. On the same day, the State filed its *Motion to Continue Extension of Time to Serve In Personam Defendant* (Docket 28), which was subsequently granted (Docket 45). Michael J. Barber, Assistant Attorney General, represents the State. *In Personam* Defendant has yet to be served.  .

# I. Default Judgment *In Rem*

Local Admiralty Rules (c)-3 and (c)-4 govern Default Judgments *in Rem*.[1]

Civil Local Rule 5.1 governs Filing and Proof of Service.[2]

---

[1]**Rule (c)-3 Notice Required for Default and Default Judgment in Action in Rem.**
A party seeking a default judgment in an action in rem must show that due notice of the action and arrest of the property has been given under this rule.
(a) **Publication.** Notice has been made by publication under D.Ak.LAR (c)-2.
(b) **Service of Notice.** Not less than three (3) days notice by service under Rule 5(b), Federal Rules of Civil Procedure upon:
    (1) the master or other person having custody of the property;
    (2) every other party who has appeared in the action;
    (3) every person who has not appeared in the action and is known to have an interest in the property, including –
        [A] if the defendant property is a vessel documented under the laws of the United States, all persons identified in the United States Coast Guard Office of Vessel Documentation as having an interest in defendant vessel, or
        [B] if the defendant property is a vessel numbered as provided in 46 U.S.C. Chapter 123 (Numbering Undocumented Vessels), to the persons named in the records of the issuing authority.
    (4) Service is presumed to be effective under paragraph (b)(3) if sent or delivered to the address shown on the official records of the United States Coast Guard or issuing authority . . . .

**Rule (c)-4 Entry of Default and Default Judgment in Actions in rem** . . .
(b) **Entry of Default Judgment.**
    (1) The plaintiff may move for default judgment under Rule 55(b), Federal Rules of Civil Procedure, at any time after default has been entered.
    (2) Any person who has appeared and does not join in the motion for default judgment must be given five (5) days notice of the motion.

[2]**Rule 5.1 Filing and Proof of Service When Service is Required by Rule 5, Federal Rules of Civil Procedure**
(a) **Proof of Service.** Proof of service under Rule 5, Federal Rules of Civil Procedure must be made by:
    (1) the recipient's acknowledgment of service; or
    (2) through certification of the person making the service, which certification must include
        [A] the person or persons upon whom it was served,
        [B] the means of service, and
        [C] the date it was served.
    (3) [A] Unless impractical, proof of service should be reflected on the document served, not on a separate document.
        [B] Where a document includes attachments, *e.g.*, exhibits, affidavits, or a proposed order, unless otherwise indicated in the certificate of service for the principal document, the certificate of service for the principal document also constitutes a certificate that the attachments were served concurrently therewith. . . .

The State moves the Court to grant its *Motion for Default Judgment In Rem* in order to foreclose the State's preferred ship mortgage. This Court notes that the Vessel was arrested by the United States Marshal and notice of the arrest was published in accordance with the Local Rules. Pursuant to Local Admiralty Rule (c)-2(c) and Supplemental Rule C(4), the Notice of Action and Arrest was published in the Anchorage Daily News on November 30, 2012, and in the Daily Sitka Sentinel on November 28, 2012 (Dockets 14, 15).

Local Rule (c)-3(b) contemplates service as described in Civil Rule 5(b) wherein service is effectuated when first class mailings take place. This interpretation is consistent with the language of (c)-3(b) and the Magistrate Judge accepts this interpretation. Furthermore, Rule (c)-3(c)allows for service to be excused upon "a showing that diligent effort was made to give the notice, without success." In the present situation, the State made considerable efforts to notify the Defendant of the current action.[3] The Magistrate Judge is satisfied that the State made a diligent effort to give notice and has complied with Local Admiralty Rule (c)-3.

The State requests that it "be allowed to include the additional interest; Marshal fees; custodial fees and costs of maintenance; presentation and sale of the Vessel; attorney fees and costs from the date of January 16, 2013, through the conclusion of the foreclosure and sale proceedings herein."*Motion for Default Judgment In Rem and Order of Sale* at 2

---

[3] *See Affidavit of Counsel in Support of Motion for Extension of Time to Serve In Personam Defendant* (Docket 29) (discussing in detail the steps taken by the State to serve the Defendant).

(Docket 26). After thorough review of the *Complaint*, all affidavits and attachments submitted by the State and after reviewing the relevant docket entries, the Magistrate Judge recommends that the Court find the Defendant liable for the principal balance remaining on the Note in the amount of $46,937.75 plus the interest accrued at six percent (6%) from October 10, 2011 through January 15, 2013, in the amount of $3,580.13; plus late fees accrued in the amount of $963.70; plus Marshal fees of $5,000.00 and court fees of $350.00; plus reasonable attorney's fees through November 30, 2012, in the amount of $7,390.04; plus substitute custodian fees of $250.00, moorage fees of $316.80, maintenance fees of $333.99 through January 15, 2012; plus continuing costs for safekeeping of the Vessel incurred by the State. In addition, the State request that daily interest in the amount of $7.72 be added for each day beginning January 16, 2013, through the date that the proceeds of the sale are disbursed to the State. Finally, the State requests attorney fees that continue to accrue from December 1, 2012. This Court finds that these liabilities comply with the terms outlined in the Promissory Note ("the Note"),[4] the First Preferred Ship Mortgage,[5] the Security Agreement[6] and the refinancing letter concerning the Vessel.[7]

In its *Complaint*, the State calculates that Defendant owes $46,937.75 for the principal balance remaining on the Note plus the interest accrued at six percent (6%) from

---

[4] *Complaint*, Ex. 1 at 1–2 (Docket 1).

[5] *Complaint*, Ex. 2 at 4–7 (Docket 1).

[6] *Complaint*, Ex. 4 at 2–3 (Docket 1).

[7] *Complaint*, Ex. 7 (Docket 1).

October 10, 2011 through January 15, 2013, in the amount of $3,580.13. Looking at the terms of the Note signed by the parties and the letter regarding refinancing, the Magistrate Judge believes the State's calculation of interest due is accurate. The Defendant should pay the State the interest owed in the amount of $3,580.13.

In addition to the interest owed on the Note, Defendant should also pay the State the late fees accrued in the amount of $963.70 as a result of the default. The first delinquency notice was sent to the Defendant on November 16, 2010. *Complaint*, Ex. 8 (Docket 1). The letter indicates that the Defendant owed $481.85. *Id.* That number jumped to $963.70 on October 24, 2012, as indicated in the *Loan Payoff Statement*. *Id.* at Ex. 9. The Defendant should pay the State late fees in the amount of $963.70.

The State also requests payment from the Defendant to cover the $5,000.00 the State issued to the U.S. Marshal Service for costs associated with the arrest, custody and sale of the Vessel, as well as court fees associated with the action in the amount of $350.00. The Note on the Vessel acknowledges that the Borrower will be liable for expenses and costs arising from an action to collect or enforce the Note. *Complaint*, Exs. 2,3, and 5. The Defendant should be ordered to compensate the State for this fee.

Additionally, the State requests that the Defendant pay reasonable attorney's fees through November 30, 2012, in the amount of $7,390.04. The State filed an affidavit regarding attorney fees with an accounting of the attorney's fees requested in this matter. Michael J. Barber and Anne-Marie Puustinen accrued attorney fees related to this matter between August 2, 2012 through November 29, 2012, for 62.5 hours with a total cost to the

12-cv-012-TMB-JDR FV LABRADOR @24 RR Motion for Default Judgment In Rem_mtd.wpd      5

RR Re Motion [24] for Default Judgment In Rem

State of $7,390.04. (Dockets 47, 48). Based on the accounting and the language of the Note, this Magistrate Judge believes the award of these fees is appropriate.

The State asks that the Defendant pay the substitute custodian fee of $250.00, a moorage fee of $316.80 and maintenance fees of $333.99 through January 15, 2012, as well as travel expenses, advertising and continuing costs for safe keeping of the Vessel incurred by the State. Thomas B. Nelson was appointed the substitute custodian of the Vessel on October 29, 2012, in accordance with Local Rule (e)-13 (Docket 11). Mr. Nelson was authorized to provide service, repairs and winterizing the vessel at the hourly rate of $25.00/hour for general labor and $35.00/hour for electrical and mechanical labor (*Id.* at 3). This Magistrate Judge believes that the substitute custodian fee, moorage fee and maintenance fees should be paid by the Defendant.

Finally, the State requests daily interest in the amount of $7.72 for each day beginning January 16, 2013, through the date that the proceeds of the sale are disbursed to the State and attorney's fees that have accrued since December 1, 2012. The State's request is in accordance with the Note and is further indicated on the *Loan Payoff Statement* (Docket 1).

The Magistrate Judge recommends the Court GRANT THE MOTION FOR ENTRY OF DEFAULT JUDGMENT *IN REM* and find that the judgment totals the principal sum of $46,937.75 plus the interest accrued at six percent (6%) from October 10, 2011 through January 15, 2013, in the amount of $3,580.13; plus late fees accrued in the amount of $963.70; plus Marshal fees of $5,000.00 and court fees of $350.00; plus reasonable

attorney's fees through November 30, 2012, in the amount of $7,390.04; plus substitute custodian fees of $250.00, moorage fees of $316.80, maintenance fees of $333.99 through January 15, 2012; plus continuing costs for safekeeping of the vessel incurred by the State. Daily interest in the amount of $7.72 for each day beginning January 16, 2013, through the date that the proceeds of the sale are disbursed to the State and all attorney fees that continue to accrue from December 1, 2012.

The Magistrate Judge notes that the State has an outstanding *Motion for Order of Sale of the Vessel*. Once the Court has determined whether entry of default is appropriate, the Magistrate Judge will address the other *Motion*.

## II. Conclusion

The instant motion filed by the Plaintiff is ripe. For the reasons stated above, the Magistrate Judge recommends the Court grant the Motion and enter a default judgment *In Rem*. In the interest of justice and to expedite the business of the Court, as no objections will be filed, this Recommendation is entered as a Final Recommendation and shall be forwarded to the assigned District Judge for his determination.

DATED this 14th day of February, 2013, at Anchorage, Alaska.

/s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge